IN THE MATTER OF THE PETITION OF HEZEKIAH ALLEN FOR
LEAVE TO RESIGN HIS OFFICE AS TRUSTEE OF CERTAIN. TRUSTS
CREATED BY THE WILL OF JAMES S. WADSWORTH,
DECEASED.

*Trustee — not entitled to commissions on principal, upon his voluntary resignation —
right of, to commissions upon income — when he is not deprived of them by the fact
that the income was received by the beneficiary directly — interest upon the amount
of commissions not drawn — costs upon his application for leave to resign.*

One of three trustees applied to be allowed to resign on account of the impaired
state of his health.  It appeared that the petitioner's state of health was not
such as to absolutely disqualify him from discharging the duties of his trust.
On the contrary, it appeared that he attended to a large amount of other busi-
ness, some of a trust nature, and it was to be inferred from his testimony that
he desired to be relieved from this trust in order that he might be better able
to attend to the others.

*Held*, that he should not be allowed commissions upon the principal of the estate
which had been received and held by him.

Upon the petitioner's appointment it was agreed between him and his two
co-trustees, who were beneficially interested in the trust, that the trust estate
should be held and managed by the trustees, for the purposes of the income,
rents, issues and profits thereof, so that each of the two trustees who were bene-
ficiaries should have the rents, etc., of a certain specified portion of the estate.
It was also agreed that the interest upon the incumbrances on the trust prop-
erty, and all taxes, etc., should be paid from the income so to be received.
The property was subsequently so divided, and the income was so received by
the trustees beneficially interested.

*Held*, that this agreement did not deprive the petitioner of his right to receive
commissions upon the income of the trust estate.

That he was entitled to receive his commissions upon the gross amount of each
year's receipts of income to be computed for each year separately at the statu-
tory rates.

That he was not entitled to interest on his yearly commissions, as he did not
demand them until he applied for leave to resign.

That it was proper for the court to direct that neither party should have costs of
the proceedings, and that the petitioner should pay the fees of the referee.

APPEAL from an order of the Monroe Special Term allowing the
trustee named in the above entitled matter to resign and fixing the
compensation to be paid to him.

The appeal is brought by his co-trustees, who are beneficiaries in
the trust.

*J. B. Adams,* for Charles F. and James W. Wadsworth, appellants.

*A. J. Abbott,* for Hezekiah Allen, respondent.

SMITH, P. J.:

The petitioner asks leave to resign his trust on account of the impaired state of his health, and as it is undisputed that the reason assigned exists and that no harm will come to the estate by his being relieved from the trust, that part of the order which permits him to resign should be affirmed. The only question is as to terms. The order gives him one-half of one commission upon the value of the *corpus* of the estate, and directs that neither party have costs of the proceedings, and that the petitioner pay the fees of the referee.

Should the petitioner be allowed commissions, and if any, what? The will of General Wadsworth, among other provisions, devised certain lands to his three sons, Charles, Craig and James, in trust, to receive and pay over the rents and profits of one-third thereof to each of said sons annually, during his life; on his death, such third to go to his lawful issue, or, in default of issue, to the surviving sons of the testator. The will authorized the sons to sell the trust estate or any part of it, provided all three should unite in the sale and conveyance. It also provided that whenever there should be less than three trustees competent to act, it should be the duty of the survivor or survivors to apply to a proper court for the appointment of other trustees, and that no binding act should be done until such appointment. The three sons entered upon the trust. Craig was judicially declared to be of unsound mind, and the petitioner, Allen, was appointed in his place. Soon after, Craig died, and the one-third of the trust estate, which his children took in fee, was set off to them in partition. By a written agreement between Allen and his co-trustees, it was provided that the remainder of the trust estate should be held and managed by the trustees for the purpose of the income, rents, issues and profits thereof, so that each of the surviving sons should have the rents, etc., of a certain specified portion of such remainder. The same agreement provided that the portion of such remainder, to the rents of which Charles was entitled by such arrangement, should be sold from time

to time, as soon as fair prices could be obtained therefor, and the proceeds applied in extinguishing any incumbrances on the trust property; also that Charles should pay from the rents thereof all interest upon incumbrances, and all taxes and insurance upon that portion of such remainder, to the rents, etc., of which he was entitled. No part of such remainder was sold by the trustees. Charles and James have had possession of the several portions of said trust estate to the rents of which they were entitled respectively by the agreement above mentioned, and have received the rents thereof, the gross amount received by Charles being $10,000 a year, and that received by James being $6,500 a year. The *corpus* of the trust estate remains substantially unchanged, and will be transmitted to the person appointed to succeed the petitioner as one of the three trustees.

We are unable to concur in the opinion of the learned judge at Special Term, that the petitioner is entitled under the circumstances to commissions upon the capital of the estate. It is true he received the capital jointly with his co-trustees, but, as was said at Special Term, " the one-half commissions given by the statute for receiving is to be allowed only on the accounting when the trust fund is to be finally paid over and the trust discharged. If, for any reason, the trustee does not perform the duty, his right to the commissions is not complete." The testimony of the petitioner himself shows that his state of health is not such as to absolutely disqualify him from performing the duties of the trust; on the contrary, he has a large amount of other business, some of a trust nature which he attends to. And as was said at Special Term, it is to be inferred from his testimony that he desires to be relieved from this trust in order that he may be better able to attend to the others; so that in making this application he consults largely his own convenience and not the interests of the trust. If he is allowed commissions on the *corpus* of the estate, a precedent will be set which will authorize his successor to make the like claim, under like circumstances, and the process may be repeated without limit, so that the estate may be depleted by taking from it a full commission on the capital (which exceeds one hundred thousand dollars in value), whenever one of the trustees is permitted to resign for his convenience. We think the rule adopted by Vice-Chancellor SANDFORD, *In the Matter*

*of Jones* (4 Sandf. Ch. R., 615), should control this case so far as the claim to commissions on the capital of the estate is concerned, and we therefore deny them.

With regard to the income, the case is different. That has been received, and also, as is to be presumed, appropriated from year to year, in accordance with the purposes of the trust. In respect to that, the duty of the trustees has been fully performed and the estate will not be subjected to double commissions, if the claim of the petitioner is allowed. It is urged that he is not entitled to commissions on the income because none of it has passed through his hands, and that view of the matter was taken at Special Term. But the very agreement by which the beneficiaries were permitted to take the rents, provided that the property should be held and managed by all the trustees for the purposes of income, and that a portion of the rents and income received by Charles, one of the beneficiaries, should be applied in a particular manner to the benefit of the estate. The arrangement by which each of the two beneficiaries was to have possession of a part of the trust estate and receive its income, was quite as much for their convenience as for that of the petitioner. It in no degree relieved him from responsibility to the remaindermen for the proper management of the estate, and the proper application of its income. For this responsibility, and for such care and oversight as it required of him, he is entitled to compensation.

The suggestion that one of his co-trustees engaged to save Allen harmless from any ultimate loss to the estate, has not been overlooked. There was some conversation to that effect when Allen accepted the trust, but evidently it was not much relied on, as it was not reduced to writing. If the parties had intended a binding agreement of that nature, which, necessarily, must have run during the continuation of the trust, and might have outlived each of the parties, it is not to be supposed that they would have left it to the "word of mouth." Besides, the offer of compensation made to the petitioner by his co-trustees, during the pendency of the hearing before the referee, shows that they supposed him entitled to receive pay.

If these views are correct, the petitioner is entitled to one-third of one commission on the gross amount of each year's receipts of

income, to be computed for each year separately at the statutory rates.

The disposition we have made of both branches of the claim for commissions is supported by the case of *Cairns* v. *Chaubert* (9 Paige, 160). There an executrix was allowed commissions on securities transferred by her to legatees with their consent, for their use, the same as if she had actually received and paid over the money; but commissions were denied on the amount of certain bridge property not actually sold, in the income of which she had an interest for life. And the reason assigned by the chancellor for refusing the latter item was that if the executrix died, leaving that property unsold it would be necessary that a new personal representative of the testator should be appointed to perform that part of the trust.

As to the amount of commissions allowed, the proof is that the rents have amounted to $16,500, annually, one commission on which is $355 dollars, to one-third of which the petitioner is entitled. The respondent's counsel assumed in his printed brief that the period for which rents have been received upon which commissions should be computed is nine years. Taking that as a basis the total amount of commissions to which the petitioner is entitled is $1,064. 97.

The petitioner is not entitled to interest on his yearly commissions as he did not demand them until he asked leave to resign.

As each party succeeds in part and fails in part, we think neither is entitled to the costs of this appeal as against the other, and that so much of the order of the Special Term as relates to costs and referee's fees should be affirmed.

The result is that the order of the Special Term should be modified by striking out the provision for commissions therein contained, and inserting in lieu thereof a provision for commissions as herein above indicated, to be paid out of the income of the estate and as so modified, affirmed.

HARDIN, J., concurred.

Present — SMITH, P. J., and HARDIN, J.

Order of Special Term modified, as indicated in the opinion, without costs of this appeal to either party.